IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-2542-WJM-KMT

JAMES SARDAKOWSKI,

    Plaintiff,

v.

DARREN LISH, Doctor, Chief of Psychiatry, in his official capacity, and
JONATHAN THIELE, Doctor, in his official capacity,

    Defendants.

## ORDER GRANTING DEFENDANTS' COMBINED MOTION TO DISMISS

Plaintiff James Sardakowski ("Plaintiff"), proceeding *pro se*, alleges that Defendants Colorado Department of Corrections' Chief of Psychiatry Dr. Darren Lish and Plaintiff's treating psychiatrist, Dr. Jonathan Thiele (jointly, "Defendants"), violated his Eighth Amendment rights by changing his treatment plan. (ECF No. 6 at 3.) Defendants filed a Combined Motion to Dismiss and Motion for Summary Judgment. (ECF No. 17 ("Motion").) Plaintiff filed a Response to the Motion (ECF No. 30 ("Response")) and Defendants did not timely file a Reply.

United States Magistrate Judge Kathleen M. Tafoya filed a Report and Recommendation recommending that Defendants' Motion be granted pursuant to Federal Rule of Civil Procedure 56(a). (ECF No. 36 ("Recommendation").) Plaintiff filed an Objection to Judge Tafoya's Recommendation. (ECF No. 37.) Defendants did not timely respond to Plaintiff's Objection. Upon review, the Court adopts Judge Tafoya's recommended disposition, although for reasons different than those relied

upon by Judge Tafoya. As a consequence, Defendants' Motion is granted.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Colorado Department of Corrections ("CDOC"), currently incarcerated at the Colorado Territorial Correctional Facility ("CTCF") in Cañon City, Colorado. Plaintiff was previously prescribed Wellbutrin and Neurontin for unspecified mental health problems. Plaintiff claims that while he was on these medications, "he was functioning well in all areas." (ECF No. 6 at 4.) Indeed, according to Plaintiff, he was "well enough to be removed from CDOC Residential Treatment Program (RTP)—a program for the seriously mentally ill prisoners—to General Population." (*Id.*)

Plaintiff claims that Defendants discontinued his prescriptions for Wellbutrin and Neurontin because of "a potential abuse hazard by all prisoners" and because Wellbutrin and Neurontin are "not approved for [h]is symptoms." (*Id.* at 3, 4.) In lieu of Wellbutrin and Neurontin, Defendants prescribed Effexor to Plaintiff. (*Id.* at 4.) Plaintiff alleges that since his medication was changed, he has failed college courses, cannot participate in mental health groups, and has high anxiety. (*Id.*) Plaintiff argues that in thus changing his treatment plan, Defendants violated his Eighth Amendment rights.[1] (*Id.* at 4.)

---

[1] Plaintiff originally argued that this change in treatment plan violated his Fourteenth Amendment substantive due process rights and his Fourteenth Amendment equal protection rights. However, United States District Judge Lewis T. Babcock found that Plaintiff's substantive due process rights are properly analyzed under Eighth Amendment standards, rather than Fourteenth Amendment principles and that Plaintiff failed to state an arguable equal protection claim. (ECF No. 7.) Thus, only Plaintiff's Eighth Amendment claims remain before the Court.

2

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*. An objection is proper if it is filed within fourteen days of service of the magistrate judge's recommendations and is specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note; *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one

3

party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

In reviewing a Motion to Dismiss under Rule 12(b)(6) the Court will "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007). Thus the Court "must accept all allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("*Twombly*")).

"[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570). This means that "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief. 'Factual allegations must be enough to raise a right to relief above the speculative level.'" *Robbins*, 519 F.3d at 1247 (quoting *Twombly,* 550 U.S. at 545 &

556). Plaintiff "does not need detailed factual allegations" but must plead more than merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.*

Further, the Court is mindful of Plaintiff's *pro se* status, and accordingly reads his pleadings and filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as advocate for Plaintiff, who still must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1188 (10th Cir. 2003).

### III. ANALYSIS

In their Motion, Defendants first move for Summary Judgment, claiming that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA") and is thus barred from bringing the action. (ECF No. 17 at 2.) Alternatively, Defendants argue that Plaintiff's Eighth Amendment claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff's disagreement with his psychiatric providers does not rise to an Eighth Amendment violation. (*Id.* at 5.)

The Recommendation does not address the parties' arguments regarding the merits of Plaintiff's Eighth Amendment claim. Rather, Judge Tafoya found that "Plaintiff failed to follow procedures for the grievance process, resulting in a failure to exhaust administrative remedies. Additionally, Plaintiff has not argued or proved facts that

would suggest that he was improperly precluded from exhausting his remedies, or that they were unavailable to him."[2] (*Id.*) "Accordingly," Judge Tafoya recommended that "Defendants' Motion should be granted on this basis alone." (*Id.*) Therefore, Plaintiff's Objection also focused exclusively on the PLRA exhaustion doctrine. (ECF No. 37.)

However, in his Response, Plaintiff argued that in his first set of grievances, he was seeking "some kind of treatment i.e. not seeking the reinstatement of Wellbutrin and Neurontin." (ECF No. 30 at 5 (parentheses omitted).) "Whereas," in his second set of grievances he was "directly seek[ing] the reinstatement of the medication Wellbutrin and Neurontin. Therefore, [Plaintiff] did follow the prison rules, policies, and procedures with regards to the grievance system." (*Id.*) The Recommendation does not address this argument.

The Court has concerns about granting summary judgment based solely on the

---

[2] The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion doctrine protects administrative agency authority and promotes efficiency. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Because the exhaustion doctrine is an affirmative defense, the defendants bear the burden of asserting and proving that the plaintiff did not utilize administrative remedies. *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). But once Defendant proves failure to exhaust, the onus falls on plaintiff to show that remedies were unavailable to him. *Id.*

The CDOC uses a three-step grievance procedure pursuant to Administrative Regulation (AR) 850-04. (ECF No. 17 at 3.) Defendants argue that Plaintiff failed to exhaust his administrative remedies. (*Id.*) According to Defendants, Plaintiff filed two sets of grievances regarding his treatment plan. (*Id.*) The first was commenced in May 2017 and was denied at step one. (*Id.*) Plaintiff failed to timely appeal this decision through steps two and three of the grievance process and thus failed to exhaust his administrative remedies. (*Id.*) Plaintiff commenced his second set of grievances in July 2017 and "grieved the issue through the third and final step." (*Id.*) However, the second set of grievances were deemed procedurally improper at step 3, because they were duplicative of Plaintiff's first set of grievances and were thus untimely. (*Id.* at 4.) Defendants argue that because Plaintiff "could have—but failed to—exhaust his administrative remedies [through the first set of grievances], his claim should be dismissed." (*Id.*)

6

PLRA's exhaustion doctrine, especially given Plaintiff's contention that his grievances were not duplicative, because his first grievance was for general treatment and his second grievance was for specific medication, and given Defendants' failure to reply to this argument. These are factual disputes one may legitimately argue are not appropriate for resolution as a matter of law. The Court need not grapple with this dispute, however, given that it elects instead to consider the merits of Plaintiff's Eighth Amendment claims.

The Eighth Amendment's prohibition against cruel and unusual punishment is violated when prison officials "act *deliberately and indifferently* to serious medical needs of prisoners in their custody." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (emphasis added). An Eighth Amendment claim for deliberate indifference involves "a two-pronged inquiry, comprised of an objective and subjective component." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). The objective component requires a showing that the prisoner's medical need was "sufficiently serious." *Id*. A medical need is considered sufficiently serious when "that condition has been diagnosed by a physician as mandating treatment . . . or is so obvious that even a lay person would easily recommend the necessity for a doctor's attention." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (citation and internal quotation marks omitted). Under the subjective component, the plaintiff must establish that the defendant "knew [the plaintiff] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt*, 199 F.3d at 1224 (internal quotation marks omitted). "The official must have been both aware of facts from which the inference could be drawn

that a substantial risk of serious harm exists, and he must have also drawn the inference." *Requena v. Roberts*, 893 F.3d 1195, 1215 (10th Cir. 2018) (alteration omitted). Moreover, "prison officials may not be held liable if they prove that they were unaware of even an obvious risk or if they responded reasonably to a known risk, even if the harm ultimately was not averted." *Farmer v. Brennan*, 511 U.S. 825, 826 (1994). Additionally, "use of a subjective test will not foreclose prospective injunctive relief, nor require a prisoner to suffer physical injury before obtaining prospective relief." *Id.* at 826–27.

Defendants do not dispute that Plaintiff's mental illness satisfies the objective component of the Eighth Amendment claim. (ECF No. 17 at 6.) However, Defendants contend that Plaintiff failed to satisfy the subjective component of the inquiry. (*Id.*) Defendants first argue that Plaintiff's disagreement with his physician-prescribed course of treatment does not state a constitutional violation. (*Id.*) Furthermore, Defendants claim that Plaintiff has "alleged no facts that any doctor concluded that [Plaintiff] needs those medications to function." (*Id.* at 6–7.) According to Defendants, "[b]ecause [Plaintiff] has failed to allege sufficient facts to satisfy the subjective prong of his sole claim for relief under the Eighth Amendment, the Complaint should be dismissed for failure to state a claim." (*Id.* at 7 (citation omitted).)

In his Response, Plaintiff claims that as a result of being denied Wellbutrin and Neurontin, he is "unable to participate in mental health groups to aid in [h]is support of coping with being developmentally delayed and engaging in support to [h]is history of self-mutilation to [h]is testicles." (ECF No. 30 at 3.) Plaintiff also claims that once his

8

treatment plan was altered, "[h]is sleep is eradicate [*sic*] due to an increase in nighttime Tardive dyskinesia, of which the medication Neurontin was assisting in. This is hindering [Plaintiff's] abilities to function in [h]is daily activities; [h]e is nearly losing [h]is assigned job and facing punishment for it." (*Id.*) Plaintiff explains, "[t]hese issues cause [Plaintiff] momentous pain to [h]is mental illness and interferes with [h]is daily activities and treatment. And the Defendants listed herein are fully aware of [Plaintiff's] issues due to the fact that [Plaintiff] informs them of [h]is ongoing aforesaid issues when [h]e sees them on [h]is scheduled follow-up appointments." (*Id.*)

The Tenth Circuit has held that "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 809 (10th Cir. 1999). This is because the inmate has a constitutional right only to medical care, "not to the type or scope of medical care which he personally desires." *Henderson v. Sec'y of Corr.*, 518 F.2d 694, 695 (10th Cir. 1975). Indeed, "even if a prison official's actions fell below a reasonable standard of care, 'the negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation.'" *Sherman v. Klenke*, 653 F. App'x 580, 586 (10th Cir. 2016) (quoting *Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006)).

Here, Plaintiff's Eighth Amendment claim is based solely on Defendants' prescription of Effexor in lieu of Wellbutrin and Neurontin to treat Plaintiff's mental illnesses. (ECF No. 6 at 3.) Plaintiff himself acknowledges that he is being provided medical care—he notes his follow up appointments with his treating psychiatrist (ECF

9

No. 30 at 3), and he concedes that Defendants have chosen to treat him with Effexor (*id.* at 4). Although Plaintiff is dissatisfied with the prison medical system's treatment plan, under binding Tenth Circuit precedent his dissatisfaction, without more, does not give rise to an Eighth Amendment claim. Accordingly, the Court grants Defendants' Motion to Dismiss plaintiff's Eighth Amendment claim, and Plaintiff's Amended Complaint (ECF No. 6) is dismissed for failure to state a claim.

## IV. Conclusion

For the reasons set forth above, the Court ORDERS as follows:

1. The Magistrate Judge's July 30, 2018 Recommendation (ECF No. 36) is ADOPTED as modified herein;

2. Plaintiff's Objection (ECF NO. 37) is OVERRULED;

3. Defendants' Motion (ECF No. 17) is GRANTED IN PART and DENIED IN PART as follows:

    a. The Motion is GRANTED to the extent it is brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted; and

    b. To the extent that Defendants' Motion seeks summary judgment on this or any other basis, the Motion is DENIED AS MOOT;

4. Plaintiff's Amended Complaint (ECF No. 6) is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted;

5. Plaintiff's Prisoner Motion for Appointment of Counsel (ECF No. 31) is DENIED AS MOOT; and

6. The Clerk shall enter judgment accordingly and shall terminate this case. The parties shall bear their own attorneys' fees and costs.

Dated this 19th day of September, 2018.

BY THE COURT:

William J. Martínez
United States District Judge